### No. 3518.

### C. C. THAYER *v.* RUFUS WAPLES.

This is a suit in damages on the allegation of having been maliciously ejected from leased premises. When a tenant denies the title of his landlord, the relation between them is severed, and the right of entry by the landlord is complete, but the entry must be effected under the law.

In this case it is not necessary to decide whether the manner of getting possession was proper or not, as the facts show that plaintiff was not damaged thereby. He failed to pay his rent, and under our law and jurisprudence the defendant was justified in seizing for the rent and attaching the property subject to the lease. In doing this in a legal manner, the defendant did not render himself liable in damages.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Sambola & Ducros* and *Charles A. Conrad*, for plaintiff and appellee. *H. C. Miller*, for defendant and appellant.

HOWELL, J. The plaintiff leased from the defendant the store No. 47 Camp street for an auction mart, from first February to first September, 1870, at $100 per month, payable in advance. Failing to pay the rent for the month of April, the defendant instituted suit on the

fourteenth of said month before a justice of the peace and caused the contents of the store to be provisionally seized, a keeper being put in charge of the premises. On the sixteenth, plaintiff (Thayer) answered, denying indebtedness to the defendant (Waples), and averring that if any rent be due, "the same is due to Mr. Conrad, the owner of the property," and not to Waples, and reserved his right to sue for damages for a malicious suit on the part of Waples. On the fourth day after the seizure the constable closed the store. The goods seized, belonging to third parties, were delivered to the owners by consent of both parties to the suit. On twentieth April, judgment with privilege was rendered in favor of Waples, and signed on the twenty-third. On twelfth May a devolutive appeal was taken, and on twentieth June the judgment was affirmed. After the judgment was rendered by the justice of the peace, the keys were delivered by the constable to Waples, who on twenty-seventh April gave a written lease of the premises to the Hibernia Bank, which took possession about the first of May. On twenty-first of said month (May, 1870) this suit was instituted for damages, in the sum of $10,000, upon the allegation that the defendant maliciously instituted suit in the justice's court in order to destroy his business, eject him from the premises and rent them more advantageously to the Hibernia Bank, averring that he (Thayer) failed to pay the rent for April because he was disappointed in some of his arrangements, and suit having been instituted in the United States Circuit Court against Waples for the said property, to which he (Thayer) was made a party, he had doubts as to the propriety of paying Waples.

Upon this last point it may be remarked that the Conrad suit was filed in February, and judgment was asked against Thayer, the occupant, in case he made no disclaimer. This he did, and paid Waples the rent for March, after which he filed his answer (in April) denying the title of his lessor. The question is, is he entitled to damages under the circumstances? When seizure was made by the constable, he could have protected himself by payment into court or giving bond under article 1127 C. P., and continued his business. But it is claimed by the defendant (Waples) that when the plaintiff denied the title of the lessor, the relation of landlord and tenant was severed, and the tenant, if he continued in possession, would be a trespasser, and that as the premises were in the control of the officers of the law, he, the landlord, did not violate the law or the rights of the recanting tenant by assuming possession of his property.

The authorities cited hold the doctrine that when a tenant denies the title of his landlord, the relation between them is severed and the right of entry by the landlord is complete, but the entry must be

effected under the law. In this case it is unnecessary to decide whether the manner of getting possession was proper or not, as the facts show that plaintiff was not damaged thereby. He failed to pay his rent, and under our law and jurisprudence the defendant was justified in suing for the rent and attaching the property subject to the lease. In doing this in a legal manner, the defendant did not render himself liable in damages. It does not appear that the subsequent failure of the plaintiff to reopen the place for his business caused him any damage. He does not show that he made the necessary effort to get his premises released from the law and regain the occupancy thereof.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.